UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| *In re*: Application Pursuant to 28 U.S.C. § 1782 of THE REPUBLIC OF THE GAMBIA,<br><br>Petitioner,<br><br>- to take discovery of -<br><br>TWITTER, INC.,<br><br>Respondent. | No. 20-mc-27 |

**DECLARATION OF PAUL S. REICHLER IN SUPPORT OF
THE REPUBLIC OF THE GAMBIA'S APPLICATION FOR ORDER
TO TAKE DISCOVERY PURSUANT TO 28 U.S.C. § 1782**

I, PAUL S. REICHLER, declare as follows:

1. I am a partner in the law firm Foley Hoag LLP. I practice at the firm's Washington DC office located at 1717 K Street, NW, Suite 1200, Washington, DC 20006. My practice focuses on international litigation and arbitration. I am a member of the Bar of the District of Columbia and act as counsel for the applicant, the Republic of The Gambia, a sovereign State located on the coast of West Africa, in the *Application of the Convention on the Prevention and Punishment of the Crime of Genocide (The Gambia v. Myanmar)*, which is currently pending before the International Court of Justice in The Hague, The Netherlands. I submit this declaration in support of The Gambia's application pursuant to 28 U.S.C. § 1782 for an order directing that Twitter, Inc. produce provide discovery for use in connection with the ICJ Proceedings.

2. I submit this declaration upon personal knowledge gained in connection with my representation of The Gambia in the ICJ Proceedings.

## I. THE ICJ PROCEEDINGS

3. On November 11, 2019, The Gambia commenced judicial proceedings against the Republic of the Union of Myanmar ("Myanmar"), a sovereign State located in Southeast Asia, before the International Court of Justice in The Hague (the "ICJ Proceedings"). The case is recorded on the ICJ's docket (known as the General List) as the *Application of the Convention on the Prevention and Punishment of the Crime of Genocide (The Gambia v. Myanmar)*. The Gambia and Myanmar are the only parties to the case.

4. The ICJ Proceedings concern Myanmar's state responsibility for acts of genocide against its Rohingya population and Myanmar's violations of its obligations under the 1948 Convention on the Prevention and Punishment of the Crime of Genocide (the "Genocide Convention"), including the obligations to prevent genocide, to punish genocide, and not to commit genocide. The Gambia contends that Myanmar is responsible for acts of genocide committed against the Rohingya people, an ethnic and religious minority in Myanmar. A finding that acts of genocide occurred against the Rohingya requires a showing that Myanmar acted with the intent to destroy, in whole or in part, the Rohingya people.

5. Independent investigative efforts conducted under the auspices of the United Nations and corroborated by international human rights organizations and other credible sources have concluded that the Myanmar military and security forces committed genocidal acts against the Rohingya, in violation of the Genocide Convention, during "clearance operations" conducted in 2016 and 2017. The most detailed and significant fact-finding effort to date has been the UN Human Rights Council's Independent International Fact-Finding Mission on Myanmar ("UN

Fact-Finding Mission"). In reports released in September 2018[1] and September 2019,[2] the UN Fact-Finding Mission provided extensive details regarding Myanmar's commission of genocidal acts, including specific findings about Myanmar's genocidal intent. These reports also document the ways in which social media was used to disseminate hate speech against the Rohingya and incite acts of genocide against them.[3] The UN Fact-Finding Mission concluded that Myanmar's dissemination and tolerance of hate speech, including on social media, was an indicator of its genocidal intent.[4] Reporting by media organizations indicates that this type of hate speech was disseminated via Twitter, among other social media platforms.[5]

6.  Those findings have been corroborated by non-governmental organizations and other sources. For example, the United States Holocaust Memorial Museum[6] and the Public International Law and Policy Group,[7] which investigated the issue with funding from the U.S.

---

[1] U.N. Human Rights Council, *Report of the detailed findings of the Independent International Fact-Finding Mission on Myanmar*, UN Doc. A/HRC/39/CRP.2 (Sept. 17, 2018), https://www.ohchr.org/Documents/HRBodies/HRCouncil/FFM-Myanmar/A_HRC_39_CRP.2.pdf (*hereinafter* "2018 Detailed FFM Report").

[2] U.N. Human Rights Council, *Detailed findings of the Independent International Fact-Finding Mission on Myanmar*, U.N. Doc. A/HRC/39/CRP.2 (Sept. 16, 2019), https://www.ohchr.org/Documents/HRBodies/HRCouncil/FFM-Myanmar/20190916/A_HRC_42_CRP.5.pdf (*hereinafter* "2019 Detailed FFM Report").

[3] *See* 2018 Detailed FFM Report at ¶¶ 1342-1354.

[4] *See* 2019 Detailed FFM Report at ¶ 224.

[5] *See*, *e.g.*, Steve Stecklow, *Facebook isn't alone*, REUTERS, Aug. 15, 2018, https://www.reuters.com/investigates/special-report/myanmar-facebook-hate/.

[6] U.S. HOLOCAUST MEMORIAL MUSEUM, *Museum Finds Compelling Evidence Genocide was Committed Against Rohingya, Warns of Continued Threat* (Dec. 3, 2018), https://www.ushmm.org/information/press/press-releasxes/museum-finds-compelling-evidence-genocide-was-committed-against-rohingya-wa.

[7] PUBLIC INTERNATIONAL LAW AND POLICY GROUP, DOCUMENTING ATROCITY CRIMES COMMITTED AGAINST THE ROHINGYA IN MYANMAR'S RAKHINE STATE: FACTUAL FINDINGS & LEGAL ANALYSIS, vii (Dec. 2018), https://www.publicinternationallawandpolicygroup.org/rohingya-report.

State Department, have both concluded that acts of genocide were committed against the Rohingya by Myanmar state actors. The United States has placed sanctions on various Myanmar state officials for their role in atrocity crimes against the Rohingya, including some who may have used their Twitter accounts to incite and carry out these crimes.[8]

7.     On December 10-12, 2019, oral proceedings were held on The Gambia's request for provisional measures to protect its rights and the rights of the Rohingya during the pendency of the ICJ Proceedings. On January 23, 2020, in a unanimous ruling, the ICJ ordered Myanmar to take all measures within its power to prevent the commission of all acts of genocide against the Rohingya, including killings, causing serious bodily or mental harm, inflicting conditions of life calculated to bringing about their physical destruction, and imposing measures to restrict births.[9] The Court also ordered Myanmar and all units under its direction, control, or influence to not commit genocide, conspiracy to commit genocide, incitement to genocide, attempt to commit genocide, or complicity in genocide.[10] Myanmar was also ordered to preserve all evidence relating to allegations of the crime of genocide, and to report back to the Court in four months and then every six months thereafter on its compliance with the Order.[11] In issuing this Order, the ICJ underscored that the Rohingya "remain extremely vulnerable" to genocide, and that "there is a real and imminent risk of irreparable prejudice to the rights invoked by The Gambia."[12]

---

[8] U.S. DEP'T OF THE TREASURY, *Treasury Sanctions Individuals for Roles in Atrocities and Other Abuses* (Dec. 20, 2019), https://home.treasury.gov/news/press-releases/sm852.

[9] *Application of the Convention on the Prevention and Punishment of the Crime of Genocide (Gam. v. Myan.)*, Order, ¶ 86 (Jan. 23, 2020), https://www.icj-cij.org/files/case-related/178/178-20200123-ORD-01-00-EN.pdf.

[10] *Id.*

[11] *Id.*

[12] *Id.* at ¶¶ 72, 75.

8. Proceedings before the ICJ generally consist of two phases: a written phase, during which the parties exchange written briefs and supporting documentary evidence; and a subsequent oral hearing, during which the parties may present witness testimony and oral argument. The Parties are currently in the midst of the written phase, which will extend at least until January 23, 2021. After the written phase concludes, the ICJ will schedule the oral hearing.

## II.     THE RELEVANCE OF THE REQUESTED DISCOVERY

9. Statements on social media, including Twitter, made by officials and representatives of Myanmar hostile to the Rohingya, or encouraging violence against them, including but not limited to statements made by senior military officers directed at rank-and-file soldiers or armed civilians who carried out attacks against the Rohingya, may constitute evidence of genocidal intent necessary to support a finding of responsibility for genocide. Press reports have indicated that Myanmar state entities have engaged in certain practices, including coordinated inauthentic behavior, on Twitter to further its anti-Rohingya policies and propaganda.[13] General Min Aung Hlaing, the current Commander-in-Chief of the Myanmar Armed Forces, had a Twitter account (@sgminaunghlaing) that was suspended or terminated by Twitter in May 2019.[14] The suspension or termination of that account makes the contents of that account no longer publicly available on the Twitter platform.

10. The Gambia is interested in all evidence indicating the involvement of Myanmar State officials and entities, or those affiliated with State officials and entities, in spreading anti-Rohingya hate speech and incitement to violence on Twitter, including the content of those

---

[13] *See, e.g.*, Steve Stecklow, *Facebook isn't alone*, REUTERS, Aug. 15, 2018, https://www.reuters.com/investigates/special-report/myanmar-facebook-hate/.

[14] *See* Paul Eckert, *Twitter Suspends Account of Top Myanmar General Over Hate Speech*, RADIO FREE ASIA, May 16, 2019, https://www.rfa.org/english/news/myanmar/twitter-military-05162019162336.html.

tweets. Specifically, The Gambia's request for discovery is limited to the following narrow and discrete categories of electronic content and documents:

(i) All documents produced, drafted, or published by the Twitter account of Myanmar General Min Aung Hlaing, @sgminaunghlaing;

(ii) All documents produced, drafted, or published by any other account belonging to or controlled by a Myanmar state official, representative, or entity whose account was suspended or terminated by Twitter for concerns relating to human rights or the dissemination of hate speech;

(iii) All documents relating to any internal investigations conducted by Twitter of coordinated inauthentic behavior, or other terms of service violations, from 2012 to the present, committed by accounts belonging to or controlled by Myanmar state officials, representatives, entities or groups acting in coordination, or suspected of acting in coordination, with Myanmar state entities; and

(iv) A deposition pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure regarding the subject-matters described above.

11. As counsel to The Gambia, I am prepared to work in good faith with counsel for Twitter to facilitate its production of the requested documents and deposition testimony, and to minimize any burden imposed on Twitter.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 4th day of May 2020, in Washington, DC.

/s/ Paul S. Reichler
Paul S. Reichler